FANNY L. DAVENPORT ET AL. *v.* JOHN CRISP ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—717.]

**Cancelation of Deed for Breach of Contract.**

> Where a conveyance of land is made by an old man to his grandchildren partly because of his love for them, and their agreement to remain with and care for him, his request and permission given them to go away, under his statement that he would send for them when he needed them, amounts to a waiver of any breach of their contract to stay with him, and the deed will not be canceled on account of their leaving him a part of the time under such permission.

APPEAL FROM RUSSELL CIRCUIT COURT.

February 3, 1883.

OPINION BY JUDGE LEWIS:

On the 9th of December, 1875, Alexander Wooldridge made a deed of a tract of land worth about $1,000 to appellants, who are his granddaughters and at the time under age, for the consideration, as expressed in the deed, of the natural love and affection he had for them. But April, 1877, he brought an action against them to cancel and set aside the deed.

In his petition it is alleged that at the time he executed the deed he was a very old man and so afflicted in body as to be almost helpless, with no one to assist or care for him besides an old woman unable to give him proper attention; that the consideration of the deed was an agreement on the part of his granddaughters that they, one or both, would reside with him and give him their services and attention in superintending his home and caring for him; that he requested his family physician to write the deed according to the contract stated, but that the physician, instead of doing so himself, procured an attorney to write it, who wrote it as it is, and that when presented to him he, Wooldridge, signed it by mistake, believing it had been drawn according to the contract expressing the proper and only consideration. He alleged that appellants had failed and refused to live with him and to give him the aid, comfort and assistance as they agreed to do and which was the only consideration of the deed.

He asked the deed to be set aside and held for naught. On the —— day of May, 1877, about one month after his action was commenced, Alexander Wooldridge died, and the action was revived and thereafter prosecuted by his heirs-at-law, appellees here. They filed an amended petition, and in it alleged that Alexander Wooldridge was, when the deed was made, demented and not competent to make it, and that it was procured by the fraud of the appellants and their mother, which consisted in a representation and pretense that they would stay with and wait on him until his death, when they had no intention of doing so. This petition also contained the allegations as to the true consideration of the deed, the mistake in its execution, and the violation of their contract by appellants contained in the original and reiterated in the amended petition, all of

which allegations are denied in the answer. Upon the trial the circuit court rendered judgment that the deed be canceled, and that the plaintiffs, the heirs-at-law, recover the land.

In the first place, even if sufficiently pleaded, neither fraud nor undue influence on the part of appellants, their mother, nor any one else for them, in the procurement of the deed, is shown by the evidence. Whatever was the consideration moving the old man to make the deed, whether his love and affection for his granddaughters, or an agreement on their part to live with, take care of and wait on him, or both combined, it appears to have been his own voluntary act, without fraud or undue influence on the part of appellants or any one else. In the second place, we think it is satisfactorily established that at the time the deed was made he had sufficient mental capacity to understand and to comprehend the character, effect and object of the deed he made. Beside the evidence of the family physician, whose frequent professional visits made him acquainted with his condition, the evidence in favor of his mental capacity greatly preponderates. In fact, when it is properly considered and weighed there is not much room to doubt it.

There then remains only two questions about which there can be any dispute: 1st. Whether the consideration of the deed was by mistake left out of the instrument. 2d. Whether, if the consideration was the agreement on the part of appellants to remain with,. wait on and care for their grandfather while he lived, there has been a violation of that agreement that enables the heirs-at-law to avoid and to set it aside.

There is very little room to doubt that the old man was induced, partly at least, by the desire to have one or both of his grandchildren to remain with and care for him while he lived, and that he expected and believed that they would do so in case he conveyed them the land. The physician whom he requested to write it now testifies that he told him that the consideration of the deed was that they were to stay with him during his life. There is evidence of other witnesses conducing to show the same thing. But it does not necessarily follow that it was his wish or intention that it was to be put in the deed as the only consideration. Further, the physician says he does not think he told him specifically to put it in the deed, but that was his understanding of the consideration. Besides, it is shown the deed as written was read to him, and there is nothing to show that he did not understand it, or was dissatisfied with it.

The deed was made in December, 1875, and it was not until the 20th of April, 1877, that he brought the action to set it aside. There are circumstances tending strongly to show that the dissatisfaction mentioned in that suit was not altogether his own wish on the subject, for not only was his mind at the time that action was brought, in the language of the family physician, "giving down more than common," but when visited by one of the appellants during his last sickness, he told her to hold on to the deed, that he was not going to take the land away from her, and the summons served upon appellants in the action brought by him was not altogether his act. It also appears that appellants resided with him during the life of his wife for several years, and that he was much attached to them. We are of the opinion that one, if not the principal inducement for making the deed, was his love and affection for appellants.

But if it was not, and if the true consideration was, as claimed for appellees, left out of the deed, still we do not think there is sufficient evidence of a violation of the contract to authorize it canceled. There is some contrariety of proof as to the precise length of time appellants remained with their grandfather after the deed was made. But we think the weight of the evidence shows they were there until about four months before he died. But it is not material precisely how long they did stay. When they left, the cause of which does not clearly appear, it was at the instance of their grandfather, who, according to testimony not contradicted, told them they could go home and remain until he needed them, and when he did he would send for them. It is not reasonable to suppose that they did go without his permission, for there is no evidence they maltreated or neglected to show a lack of kindness to him while they remained, and one of them did at his request return during his last illness and remain with him until he died.

So, without determining whether their failure to remain with him continuously until his death would be sufficient ground for setting aside the deed, we are of the opinion that the request or consent of Alexander Wooldridge for appellants to leave and go to their home and remain until he needed and requested them to return amounts to a waiver of any breach of their contract, even if otherwise they had forfeited their right to the land.

We have little doubt of the correctness of the conclusion as to the facts of this case at which we have arrived, and are of the opinion the court erred in adjudging the deed to be canceled and

appellees to recover the land. Wherefore the judgment is *reversed* and cause remanded with directions to dismiss the petition of appellees.

*J. F. Montgomery, for appellants.*

*Hays & Stone, for appellees.*